IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

JOHN A. CLEVENGER,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　) Case No. 15-6110-CV-SJ-REL
　　　　　　　　　　　　　　　　　　　　)
AMBER D. HOWARD d/b/a HOWARD　　　　 )
LOGISTICS,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　　　)

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

　　　　This case involves a suit against the owner of a tractor-trailer that rear-ended plaintiff's vehicle. Currently before the court is a motion to dismiss the portions of count two alleging negligent training, negligent hiring, negligent supervision and negligent retention on the grounds that (1) those allegations are in direct conflict with and contradictory to what is necessary under Missouri law to state these claims, (2) plaintiff has failed to plead any facts demonstrating any purported dangerous proclivity of the employee truck driver that existed prior to the accident and of which defendant Howard had either actual or constructive knowledge, and (3) plaintiff does not plead any allegations pertaining to any purported negligent training. Based on the following, defendant's motion to dismiss will be granted.

*I.*　　**BACKGROUND**

　　　　According to the facts alleged in the petition, which are assumed to be true for purposes of this motion, on February 4, 2014, plaintiff was driving a Silverado on Interstate 29 in St. Joseph, Missouri, when a tractor-trailer, operated by James Hotsinpiller and owned by defendant, rear-ended plaintiff's vehicle. This impact pushed

plaintiff's vehicle into the rear of another vehicle. On July 16, 2015, plaintiff sued defendant in the Circuit Court of Buchanan County. Count one of the petition alleges negligence against the truck driver, James Hotsinpiller.[1] Count two of the petition alleges that defendant Howard was negligent in the following manner:

    a.    By failing to properly train its employees and drivers[2] on how to safely operate a tractor-trailer;

    b.    By failing to properly educate its employees and drivers on how to safely operate a tractor-trailer during inclement weather;

    c.    By failing to properly supervisor [sic] its employees and drivers;

    d.    By failing to implement adequate hiring procedures and driver qualifications that would prevent drivers, such as Defendant Hotsinpiller, from operating a tractor-trailer;

    e.    By failing to inspect or examine its vehicles to ensure its vehicles are free from defects and safe for the road;

    f.    By failing to make repairs to the tractor and/or trailer involved in the incident;

    g.    By allowing its employee, Defendant Hotsinpiller, to operate its vehicle in a careless, negligent, and reckless manner;

    h.    By otherwise breaching duties, common law or statutory, relating to the operation of commercial motor vehicles and the US Department of Transportation; and

    i.    By failing to use that degree of care that an ordinary person would use under the same or similar circumstance.

(paragraph 19 of petition).

---

[1] Because Hotsinpiller could not be located for service, plaintiff dismissed him as a defendant.

[2] James Hotsinpiller is specifically included in "employees and drivers" in every subsection of paragraph 19 of count two.

On August 19, 2015, defendant removed the case to federal district court. The following day, the instant motion to dismiss was filed. On October 27, 2015, plaintiff filed a motion to dismiss Hotsinpiller as a defendant, and that motion was granted.

## II.     MOTION TO DISMISS

A motion to dismiss for failure to state a claim should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Ritchie Capital Management, L.L.C. v. Jeffries, 653 F.3d 755, 764 (8th Cir. 2011); Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc., 528 F.3d 1001, 1023-24 (8th Cir. 2008), cert. denied, 555 U.S. 1136 (2009). In ruling a motion to dismiss, the court is required to view all facts in the complaint as true. CN v. Willmar Public Schools, 591 F.3d 624, 629 (8th Cir. 2010); Owen v. General Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008). Although a complaint need not include detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and alteration omitted). Instead, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of

the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999) (quoting Redland Ins. Co. v. Shelter Gen. Ins. Cos., 121 F.3d 443, 446 (8th Cir. 1997))). "The well-pleaded facts alleged in the complaint, not the legal theories of recovery or legal conclusions identified therein, must be viewed to determine whether the pleading party provided the necessary notice and thereby stated a claim in the manner contemplated by the federal rules." Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d at 848 (quoting Parkhill v. Minn. Mut. Life Ins. Co., 286 F.3d 1051, 1057-1058 (8th Cir. 2002)).

### A. *VICARIOUS LIABILITY VERSUS NEGLIGENCE BY EMPLOYER*

Defendant argues that plaintiff has improperly pled both vicarious liability (i.e., that defendant is liable for the negligence of her employer, James Hotsinpiller, because he was acting within the course and scope of his employment at the time of the collision) and independent negligence (i.e., that defendant is liable for the negligent hiring, retention, training and supervision of Hotsinpiller because while acting outside the course and scope of his employment he caused damage to plaintiff).

Plaintiff argues that because defendant has not admitted vicarious liability, pleading both forms of liability is proper. Plaintiff cites McHaffie By and Through McHaffie v. Bunch, 891 S.W.2d 822 (Mo. banc 1995), in support of his position. In that case, the Missouri Supreme Court stated as follows:

> The majority view is that once an employer has admitted respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability. Elrod v. G & R Construction Co., 275 Ark. 151, 628 S.W.2d 17, 19 (1982); Armenta v. Churchill, 42 Cal.2d 448, 267 P.2d 303, 308-09 (bank 1954); Clooney v. Geeting, 352

4

So.2d 1216, 1220 (Fla. App. 1977); Willis v. Hill, 116 Ga. App. 848, 159 S.E.2d 145, 157 (1967), rev'd on other grounds, 224 Ga. 263, 161 S.E.2d 281 (1968); Wise v. Fiberglass Systems, Inc., 110 Idaho 740, 718 P.2d 1178, 1181 (1986); Houlihan v. McCall, 197 Md. 130, 78 A.2d 661, 664-65 (1951); see also 7A Am.Jur.2d, Automobiles and Highway Traffic § 643 (1980), and Debra E. Wax, Annotation, Propriety of Allowing Persons Injured in Motor Vehicle Accident to Proceed Against Vehicle Owner Under Theory of Negligent Entrustment Where Owner Admits Liability Under Another Theory of Recovery, 30 A.L.R. 4th 838 (1984). This appears to be the better reasoned view.

The reason given for holding that it is improper for a plaintiff to proceed against an owner of a vehicle on the independent theory of imputed negligence where respondeat superior is admitted has to do with the nature of the claim. Vicarious liability or imputed negligence has been recognized under varying theories, including agency, negligent entrustment of a chattel to an incompetent, conspiracy, the family purpose doctrine, joint enterprise, and ownership liability statutes. If all of the theories for attaching liability to one person for the negligence of another were recognized and all pleaded in one case where the imputation of negligence is admitted, the evidence laboriously submitted to establish other theories serves no real purpose. The energy and time of courts and litigants is unnecessarily expended. In addition, potentially inflammatory evidence comes into the record which is irrelevant to any contested issue in the case. Wise v. Fiberglass Systems, Inc., 718 P.2d at 1181-82, and Willis v. Hill, 159 S.E.2d at 158. Once vicarious liability for negligence is admitted under respondeat superior, the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed. The liability of the employer is fixed by the amount of liability of the employee. Helm v. Wismar, 820 S.W.2d 495, 497 (Mo. banc 1991).

McHaffie By and Through McHaffie v. Bunch, 891 S.W.2d 822, 877 (Mo. banc 1995).

First I note that defendant, in her reply, admits that she is vicariously liable for any negligence committed by Hotsinpiller during this collision. "Plaintiff's focus on the this [sic] issue is particularly misplaced because Defendant Howard *has admitted* that Defendant Hotsinpiller was driving the vehicle at issue during the course of his employment." (defendant's reply, page 2) (emphasis in the original). Second, the issue of whether the defendant was vicariously liable in McHaffie was a different issue. In McHaffie the tractor-trailer involved in the collision was owned by Bruce Transport and

5

Leasing, but was leased by Rumble Transport; both were named as defendants in the case. The court noted that "Bruce [Transport and Leasing] and Rumble [Transport] both admitted that [the truck driver] was their agent and employee working within the scope of his employment at the time of the accident. Therefore, agency was not a contested issue in the case." Id. at 825. In the case before me, there is only one owner of the tractor-trailer involved in the collision. There is no lessee. There is no one else alleged who could be vicariously liable for the actions of Hotsinpiller.

In any event, because defendant has admitted that she is vicariously liable for any negligence on the part of Hotsinpiller during this collision, alleging both forms of liability is improper.

## B.     NEGLIGENT HIRING AND RETENTION

In subparagraphs 19(c), (d) and (g) of the petition, plaintiff alleges negligent hiring and supervision/retention of the driver, James Hotsinpiller. To establish a claim for negligent hiring or supervision/retention, plaintiff must prove that (1) the employer knew or should have known of the employee's dangerous proclivities, and (2) the employer's negligence was the proximate cause of the plaintiff's injuries. Storey v. RGIS Inventory Specialists, LLC, 466 S.W.3d 650, 656 (Mo. Ct. App. 2015); Dibrill v. Normandy Associates, Inc., 383 S.W.3d 77, 87 (Mo. Ct. App. 2012). A cause of action for negligent hiring or negligent supervision requires "evidence that would cause the employer to foresee that the employee would create an unreasonable risk of harm outside the scope of his employment." Dibrill v. Normandy Associates, Inc., 383 S.W.3d at 87, citing Reed v. Kelly, 37 S.W.3d 274, 278 (Mo. Ct. App. 2000). A claim for negligent supervision "requires a showing that the servant was acting 'outside the

course and scope of his employment.'" Truck Ins. Exchange v. Prairie Framing, LLC, 162 S.W.3d 64, 82 (Mo. Ct. App. 2005).

> Under the law of negligent supervision, a master is under a duty to exercise reasonable care so to control servant while acting outside the scope of employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of harm to them, if the servant . . . is using a chattel of the master, and the master knows or has reason to know that he has the ability to control his servant, and knows or should know of the necessity and opportunity for exercising such control.

Id. citing Gibson v. Brewer, 952 S.W.2d 239, 247(Mo. banc 1997).

Defendant argues that plaintiff's petition includes no factual allegations to support a claim for negligent hiring or negligent retention. In response, plaintiff cites the law on notice pleading and concludes that his "eight (8) page Petition provides ample notice to Defendant of the claims being asserted against it and satisfies all requires [sic] of Rule 8(a)(2)." It is not surprising that plaintiff is unable to point to that "ample notice" as the petition includes none.

### *1.* *NEGLIGENT HIRING*

There are no facts alleged in the petition dealing with any dangerous proclivities. The only facts alleged in the petition are that on February 4, 2014, at approximately 12:58 p.m., plaintiff was driving a 2004 Chevrolet Silverado southbound on Interstate 29 behind a 2002 Ford Expedition operated by David Hawk; at that same time, defendant's tractor-trailer operated by Hotsinpiller was traveling behind plaintiff; and at that time, Hotsinpiller rear-ended plaintiff's Silverado which pushed the Silverado into the rear of Hawk's Expedition. In the count against Hotsinpiller (who was subsequently dismissed), plaintiff alleges that Hotsinpiller failed to keep a careful lookout, was driving too fast for the conditions, was driving too fast to stop, was following plaintiff's vehicle

too closely, was being generally inattentive, failed to yield, breached his legal duties, and knew or should have known that there was a reasonable likelihood of collision. In count two, plaintiff alleges that his damages were caused by the negligent and careless ownership and maintenance of the tractor-trailer and by the negligence of defendant which is quoted above on page 2 of this order, i.e., the "paragraph 19 allegations".

In a claim for negligent hiring, the employee misconduct must be consistent with the employee's particular dangerous proclivity exhibited by prior acts of misconduct. Reed v. Kelly, 37 S.W.3d 274, 277 (Mo. Ct. App. 2000), citing McHaffie v. Bunch, 891 S.W.2d 822, 825 (Mo. banc 1997). In this case, there is no way to determine whether Hotsinpiller's alleged misconduct is consistent with his "particular dangerous proclivity exhibited by prior acts of misconduct" because no prior acts of misconduct are alleged. Therefore, plaintiff's claims of negligent hiring fails as a matter of law.

## 2. NEGLIGENT SUPERVISION/RETENTION

As stated above, a claim for negligent supervision requires a showing that the employee was acting "outside the course and scope of his employment." Truck Ins. Exchange v. Prairie Framing, LLC, 162 S.W.3d at 82. In this case, plaintiff's petition states that "[li]n performing services for Defendant Howard, said agents, servants or employees **at all times** acted **within** the course and scope of their agency and/or employment with Defendant Howard." (paragraph 3 of petition) (emphasis added). The petition further states, "Defendant Hotsinpiller, **while in the course and scope of his employment** and/or agency with Howard Logistics, was the operator of the . . . tractor-trailer." (paragraph 6 of petition) (emphasis added). The petition further states, "[t]he

8

negligent acts and omissions alleged herein were committed by the employees, agents and/or servants of Defendant Howard while acting **within** the scope and course of his employment in Buchanan County, Missouri." (paragraph 8 of petition) (emphasis added). The petition further states, "on or about February 04, 2014. . . Defendant Howard's 2009 Volvo Conventional tractor-trailer, operated by Defendant Hotsinpiller **while in the course and scope of his employment**. . ." (paragraph 10 of petition) (emphasis added). The petition further states, "Defendant Hotsinpiller, **while in the course and scope of his employment** and/or agency with Defendant Howard and while driving Defendant Howard's 2009 Volvo Conventional tractor-trailer, failed to exercise the highest degree of care. . . ." (paragraph 14 of petition) (emphasis added). The petition further states, "[t]he acts of Defendant Hotsinpiller referenced above were committed while acting **within** the scope and course of his employment for Defendant Howard Logistics." (paragraph 15 of petition) (emphasis added).

Plaintiff's petition repeatedly alleges that Hotsinpiller was acting within the course and scope of his employment, which directly contradicts the requirements of a claim for negligent supervision/retention. Therefore, this claim fails as a matter of law.

### C. *NEGLIGENT TRAINING*

Defendant argues that plaintiff's claim of negligent training/education (subparagraphs 19(a) and (b)) fails because it is not "facially plausible." Defendant cites Garrett v. Albright, an unpublished opinion in the Western District of Missouri, in support of this assertion. In that case, Judge Nanette Laughrey wrote as follows:

> Under Missouri law, to make a prima facie case for negligent supervision or training, a plaintiff must plead and prove: (1) a legal duty on the part of the

9

Case 5:15-cv-06110-REL   Document 13   Filed 11/30/15   Page 9 of 12

defendant to use ordinary care to protect the plaintiff against unreasonable risks of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff's person or property. Under Missouri law, negligent supervision is a variant of the common law tort of negligence. G.E.T. ex rel. T.T. v. Barron, 4 S.W.3d 622, 624 (Mo. Ct. App. 1999) (quoting Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc., 700 S.W.2d 426, 431 (Mo. banc 1985)); also see Nappier v. Kincade, 666 S.W.2d 858, 860 (Mo. Ct. App. 1984). Thus, the Plaintiffs must show that [the defendants'] failure to properly train or supervise Albright proximately caused their injuries.

Garrett v. Albright, 2008 WL 795621 (W.D. Mo. March 21, 2008).

G.E.T. ex rel. T.T. v. Barron, 4 S.W.3d 622 (Mo. Ct. App. 1999), relied on by the federal district court in Garrett v. Albright, dealt with negligent supervision, not negligent training; therefore, the court extended the holding of the Missouri Court of Appeals to include negligent training. Because there is no specific cause of action in Missouri law for negligent training, if it exists it must be a variant of the common law tort of negligence as held by Judge Laughrey.

Defendant argues that plaintiff provides no factual support for a failure to train claim. The petition alleges that Hotsinpiller was negligent in driving too fast, following too closely, and breaching his duties relating to the operation of commercial motor vehicles, etc., and the petition alleges that defendant failed to train Hotsinpiller how to operate a tractor-trailer safely. However, the Supreme Court's instruction in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), to look beyond legal conclusions to find factual allegations supports defendant's argument in her motion to dismiss:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

10

Plaintiff's allegation that Hotsinpiller was negligent in driving too fast is a legal conclusion. His allegation that Hotsinpiller was following too closely is a legal conclusion. His allegation that Hotsinpiller breached his duties with regard to the operation of a commercial motor vehicle is a legal conclusion. And finally, plaintiff's allegation that defendant failed to train Hotsinpiller how to operate a tractor-trailer safely is a legal conclusion. There is no further basis for a failure to train claim; the only statements in the petition which touch on improper training of Hotsinpiller are legal conclusions, not factual allegations, resulting in a factually unsupported claim.[3] By contrast, the Court of Appeals in Alabama, in dealing with a negligent training of a tractor-trailer driver claim, referred to "evidence of an employee's incompetence" and "any persuasive reason why the employer should have been on notice of that alleged incompetence" -- none of which is mentioned in the petition before me. See Craft v. Triumph Logistics, Inc., -- F. Supp. 3d --, 2015 WL 1565003 (M.D. Alabama, April 8, 2015).

### III. CONCLUSION

Based on the above, I find that the allegations contained in paragraph 19(a), 19(b), 19(c), 19(d), and 19(g) fail to state claims upon which relief can be granted. Therefore, it is

---

[3] Defendant's observation that no appellate decisions from Missouri have accepted a negligent training claim in a situation involving commercial drivers that are properly licensed and qualified with a Commercial Drivers License is irrelevant, since nowhere in the petition does it state that Hotsinpiller held a valid Commercial Drivers License. Similarly, plaintiff's allegation in his petition that defendant failed to train Hotsinpiller how to operate a tractor-trailer safely in inclement weather is irrelevant as there is no allegation in the petition that the accident occurred during inclement weather.

ORDERED that defendant's motion to dismiss these subparagraphs of count two is granted.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
November 30, 2015